IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEBRAYSHIA DOUGLAS**                                                                          **PLAINTIFF**

v.                                                  CIVIL ACTION NO. 3:23-CV-340-MPM-RP

**AUTONATION HONDA COVINGTON PIKE, et al.**                **DEFENDANTS**

### REPORT AND RECOMMENDATION

The plaintiff Debrayshia Douglas has filed this *pro se* action seeking the recovery of damages and other relief against AutoNation Honda Covington Pike ("AutoNation"), American Honda Finance Corp, and United Auto Recovery for forgery, securities fraud, breach of contract, and defamation. The complaint is signed both by the plaintiff Debrayshia Douglas and by her purported "agent" named – quite curiously -- Douglas Debrayshia. Because the plaintiff is seeking leave to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for the *sua sponte* dismissal of the complaint if the court finds it is "frivolous or malicious" or if it "fails to state a claim on which relief may be granted." For the reasons below, the undersigned magistrate judge recommends that the plaintiff's complaint be dismissed on both grounds.

A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

1

judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In her complaint in this case, the plaintiff states grievances against the defendants related to the repossession of her automobile for non-payment of her monthly auto payments. The plaintiff alleges that she submitted to AutoNation a credit application whereby she "extended credit as collateral to [AutoNation] in return for a 2022 Honda Accord Sedan." A copy of the referenced application is attached to the complaint, and contrary to the plaintiff's allegations, it is simply an application by the plaintiff for credit to finance the purchase of a vehicle from AutoNation. ECF #1-1. The application extends no credit to AutoNation as the plaintiff alleges.

According to the complaint, AutoNation forwarded the plaintiff's credit application to American Honda Finance, which produced a "fraudulent second promissory note" that AutoNation had the plaintiff sign. A copy of the referenced "promissory note" is attached to the complaint, and it is simply a retail installment contract wherein the plaintiff agreed to make 75 monthly payments in the amount of $759.92 for the purchase of a 2022 Honda Accord, with AutoNation's interest in the contract assigned to American Honda Finance. ECF #1-2.[1]

Thereafter, the complaint alleges, the plaintiff sent American Honda Finance multiple packets of documents containing "a negotiable instrument with endorsement," and "[t]herefore

---

[1] Although alleging that AutoNation had her sign the document, the plaintiff also alleges nonetheless that her signature on it is forged.

2

Plaintiff is not obligated to pay alleged debt and it is discharged." Copies of the referenced packets are attached to the complaint, and the referenced "negotiable instruments with endorsement" are simply copies of the plaintiff's monthly statements from American Honda Finance showing past due amounts and showing total payoff amounts, and on which statements someone – presumably the plaintiff – has hand-written the words, "pay to bearer" followed by sums equal to the payoff amounts reflected on the respective statements (approximately $38,500). ECF #1-3 and #1-4.

According to the complaint, the plaintiff then received from American Honda Finance a "false payoff response," a copy of which is attached to the complaint. In the communication, American Honda Finance notified plaintiff that the documents she submitted "have no legal effect, are not a valid form of payment, and do not discharge the debt you owe to ACFC." ECF #1-5. The plaintiff then sent American Honda Finance a letter, a copy of which is attached to the complaint, stating "it has come to my attention that I have been making payments in error," stating her credit application "served as an asset, which satisfied the monthly obligation," and demanding that "all credits be returned on all remittances/coupons at the inception of the account." ECF #1-6. Thereafter, according to the complaint, American Honda Finance hired United Auto Recovery "as an accomplice to come and unlawfully reposes [sic] Plaintiffs 22 Honda Accord," which the complaint alleges "was rightfully hers since Plaintiffs extension of credit financed the aforementioned vehicle." The complaint also alleges that "the alleged debt is an obligation of the United States," and that "no such debt ever existed since credit was extended and used to pay for the vehicle."

According to the complaint, the defendants repeatedly violated the plaintiff's

3

"unalienable rights including Life Liberty and Pursuit of Happiness," and in her demand for relief, the plaintiff requests judgment against the defendants in the total amount of $1,000,888.

The undersigned finds that the plaintiff's complaint is delusional and irrational and fails to state a claim that is plausible on its face. What the plaintiff characterizes as a "fraudulent promissory note" is in reality a retail installment contract to make monthly payments for the purchase of an automobile. The plaintiff repeatedly attempted to submit as payment of the total payoff amount "negotiable instruments with endorsement," which in reality were simply marked-up copies of her monthly statements. When it became clear the plaintiff had no intention of making her car payments, the car was repossessed. The plaintiff's claims of forgery, securities fraud, defamation and breach of contract are not grounded in reality and have no arguable basis in fact, and the undersigned RECOMMENDS that the plaintiff's complaint be DISMISSED with prejudice because it is frivolous and fails to state a claim on which relief may be granted.

Federal courts have the authority to levy sanctions against *pro se* litigants and attorneys who violate Rule 11(b). FED.R.CIV.P. 11(c); *Whitehead v. Food Max of Miss., Inc.,* 332 F.3d 796, 802-03 (5th Cir. 2003) (holding violation of any provision of Rule 11(b) justifies sanctions). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986). "No one, rich or poor, is entitled to abuse the judicial process. Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green v. Carlson,* 649 F.2d 285,

4

287 (5th Cir. 1981) (denying all of petitioner's petitions and motions, and prohibiting filing of further petitions or complaints accompanied by applications to proceed *in forma pauperis*, as sanction for petitioner's filing multiple frivolous petitions) (internal citations omitted).

The undersigned recently recommended the dismissal of three similarly frivolous cases filed by the plaintiff. The first case, *Debrayshia Douglas v. Marathon Management LLC, et al.,* No. 3:23cv323-MPM-RP, seeks the recovery of damages against the plaintiff's landlord and the law firm retained to collect her unpaid rent. The second case, *Debrayshia Douglas v. AT&T Services, Inc.,* No. 3:23cv328-MPM-RP, seeks the recovery of damages against AT&T for terminating her cell phone service and attempting to collect her unpaid cell phone bill. The third case, *Debrayshia Douglas v. Entergy,* No. 3:23cv329-MPM-RP, seeks recovery of damages against Entergy for terminating her electricity service and attempting to collect her unpaid utility bill. The undersigned RECOMMENDS that if any two or more other cases filed by the plaintiff are dismissed as frivolous prior to the dismissal of this case, then this case be considered the "third strike" for purposes of sanctions. It is recommended that sanctions be imposed against the plaintiff for repeatedly violating Federal Rule of Civil Procedure 11(b) and that she be barred from further filings.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L. U. Civ. R. 72(a)(3) for the appropriate procedure in the event she desires to file an objection to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being

served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accept by the district court. . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

This, the 12th day of September, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE